IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephen Corey Bryant, ) | |
| ) | Case No. 9:15-mc-00217-DCN-BM |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Bryan P. Stirling, Commissioner, ) | |
| South Carolina Department of Corrections; ) | |
| Joseph McFadden, Warden, Lieber ) | |
| Correctional Institution, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The petitioner in this capital habeas corpus matter, Stephen Corey Bryant ("Petitioner"), is a state prisoner convicted of three counts of murder, armed robbery, two counts of first-degree burglary, second-degree burglary, second-degree arson, assault and battery with intent to kill, possession of a stolen handgun, and threatening the life of a public official and sentenced to death. This matter is before the court on Petitioner's Motion for Stay of Execution (ECF No. 1).

Respondents filed a response to this motion on June 22, 2015 (ECF No. 6), and Petitioner replied on June 23, 2015 (ECF No. 8). Accordingly, the motion to stay is ripe for the court's consideration.

**Background**

Petitioner plead guilty to three counts of murder, armed robbery, two counts of first-degree burglary, second-degree burglary, second-degree arson, assault and battery with intent to kill, possession of a stolen handgun, and threatening the life of a public official on August 18, 2008. On September 11, 2008, the Court of General Sessions found the existence of an aggravating circumstance and sentenced Petitioner to death. The South Carolina Supreme Court

1

affirmed the convictions and sentences on January 7, 2011. On May 10, 2011, Petitioner filed his initial application for post-conviction relief. That application and Petitioner's appeal were both denied. The South Carolina Supreme Court denied Petitioner's petitioner for writ of certiorari on March 4, 2015, denied the petition for rehearing and issued the remittitur on May 6, 2015, and noticed Petitioner's execution for June 26, 2015. *See In re Stays of Execution in Capital Cases*, 321 S.C. 544, 471 S.E.2d 140, 142 (1996).

## Discussion

The federal habeas corpus statute authorizes a federal judge to stay state court proceedings in two circumstances: when a habeas corpus proceedings is pending before the court and when a state prisoner sentenced to death applies for appointment of counsel pursuant to 28 U.S.C. § 3599. 28 U.S.C. § 2251(a)(1), (3)[1]; *McFarland v. Scott*, 512 U.S. 849, 857 (1994). Because Petitioner has not yet filed his petition for habeas corpus, a habeas corpus proceeding is not pending before this court. *See* 28 U.S.C. § 2251(a)(2). However, Petitioner has moved for counsel under § 3599. (*See* ECF No. 1.) Thus, § 2251(a)(3) governs the court's issuance of a stay in this case.

Section 2251(a)(3) provides that "such stay shall terminate not later than 90 days after counsel is appointed or the application for appointment of counsel is withdrawn or denied." Once Petitioner files his habeas petition, he may move for an indefinite stay pending the outcome of his habeas proceeding under § 2251(a)(1).

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended Chapter 153 of Title 28, which concerns the procedures for the federal habeas remedy generally, and added Chapter 154, which sets forth special procedures applicable to capital habeas cases, but only in states that meet certain eligibility requirements. One such procedure is the mandatory issuance of a stay. *See* 28 U.S.C. § 2262. Currently, South Carolina is waiting for the United States Department of Justice to implement final regulations pursuant to 28 U.S.C. § 2265(b), as amended 2005, establishing the criteria for certification under Chapter 154. Absent the applicable federal regulations, the State has been unable to seek certification by the Attorney General of the United States. Thus, Chapter 154's mandatory stay provision is not applicable in this case and the court has proceeded under Chapter 153.

Respondents do not oppose a stay of execution (ECF No. 6 at 1), however there is some confusion regarding Petitioner's deadline for filing a federal habeas petition in this court. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one year limitations period to file a habeas petition pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244. That limitations period runs from the latest of:

A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). However, the limitations period is tolled while a properly filed application for state post-conviction relief or other collateral review pertinent to the claim is pending. § 2244(d)(2).

Both parties appear to agree that fifty-four (54) days have lapsed. However, Respondents assert that Petitioner must file his petition within ninety (90) days in order to comply with the stay requirements. This is incorrect. While the court is only granting a ninety day stay, Petitioner may move for an additional stay at the end of that time period. Petitioner's federal habeas petition is due April 28, 2016.

Accordingly, Petitioner's Motion for Stay of Execution (ECF No. 1) is GRANTED. The stay shall terminate ninety (90) days after the appointment of counsel. This matter is referred to the assigned United States Magistrate Judge for all other preliminary proceedings.

**IT IS SO ORDERED**.

David C. Norton
United States District Judge

June 24, 2015
Charleston, South Carolina