# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| STEPHEN COREY BRYANT, ) | |
| ) | |
| Petitioner, ) | No. 9:15-mc-00217-DCN |
| vs. ) | |
| ) | **ORDER** |
| BRYAN STERLING, *Commissioner, South* ) | |
| *Carolina Department of Corrections*, and ) | |
| JOSEPH MCFADDEN, *Warden, Lieber* ) | |
| *Correctional Institution*, ) | |
| ) | |
| Respondents. ) | |
| ) | |

This matter is before the court on Petitioner Stephen Corey Bryant's ("Petitioner") second motion to stay execution. For the reasons set forth below, the court orders Petitioner to file a "place-holder" petition by January 15, 2016; however, once Petitioner files the petition, the court will grant his motion to extend the stay of execution.

## I.  BACKGROUND

Petitioner in this capital habeas corpus matter is a state prisoner convicted of three counts of murder, armed robbery, two counts of first-degree burglary, second-degree burglary, second-degree arson, assault and battery with intent to kill, possession of a stolen handgun, and threatening the life of a public official and is sentenced to death. Petitioner pleaded guilty on August 18, 2008, and the Court of General Sessions sentenced him to death after finding the existence of an aggravating circumstance. The South Carolina Supreme Court affirmed the convictions and sentences on January 7, 2011. Petitioner filed his initial application for post-conviction relief on May 10, 2011. The application and the Petitioner's appeal were both denied. The South Carolina

1

Supreme Court denied Petitioners petition for writ of certiorari on March 4, 2014, denied the petition for rehearing and issued the remittitur on May 6, 2015, and noticed Petitioner's execution for June 26, 2015.  See In re Stays of Execution in Capital Cases, 471 S.E.2d 140, 142 (S.C. 1996).

On June 19, 2015, the Petitioner filed a motion for stay of execution.  Bryan Sterling and Joseph McFadden ("Respondents") responded on June 22, 2015.  On June 24, 2015, this court granted a stay of execution to allow Petitioner to pursue federal habeas relief.  ECF No. 11.  In its order, the court provided that:  (1) Petitioner must file his federal habeas petition on April 28, 2016; (2) the stay shall terminate ninety (90) days after the appointment of counsel on June 24, 2105; and (3) the Petitioner must move for an additional stay at the end of that time period.

On September 17, 2015, Petitioner moved for an additional stay of execution.  ECF No. 17.  On September 18, 2015, this court extended the stay until January 15, 2016.  ECF No. 18.  Respondents filed a motion for reconsideration of the court's extension of the stay of execution on September 21, 2015 that is still pending.  ECF No. 19.  On January 11, 2016, Petitioner filed the present motion to stay the execution, requesting that the court grant him an additional stay of execution.  28 U.S.C. § 2251.  Petitioner represents to the court that "[c]ounsel is diligently reviewing the record, and preparing to investigate and draft the petition."  Pt'r's Mot. 1.  On January 12, 2015, Respondents filed a response in opposition to Petitioner's motion.  The motion has been fully briefed and is ripe for the court's review.

## II.  DISCUSSION

Respondents oppose Petitioner's motion, arguing that the provisions of 28 U.S.C. § 2251 do not allow a court to extend a stay absent the filing of a petition.  Resp. 1.  Under 28 U.S.C. § 2251(a)(1), "[a] justice or judge of the United States before whom a habeas corpus <u>proceeding is pending</u>, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding."  (emphasis added).  However, under section (a)(2), "a habeas corpus proceeding is not pending until the application is filed."  28 U.S.C. § 2251(a)(2).  Therefore, Respondents argue that Petitioner must file a petition before the court may extend the stay.  Pursuant to 28 U.S.C. § 2251(a)(3), "if a State prisoner sentenced to death applies for appointment of counsel pursuant to section 3599(a)(2) of title 18 in a court that would have jurisdiction to entertain a habeas corpus application regarding that sentence, that court may stay execution of the sentence of death, but <u>such stay shall terminate not later than 90 days after counsel is appointed</u> or the application for appointment of counsel is withdrawn or denied."  (emphasis added).

The court agrees.  Therefore, Petitioner must file a "place-holder" petition by January 15, 2016 before the court may extend the stay of execution.  For good cause shown based on the complexity of the case and counsel's need to review the record and investigate, once Petitioner files a petition, the court will extend the stay of execution for ninety (90) days.  The Petitioner may re-file his motion to extend the stay once the "place-holder" petition is filed.  In accordance with its June 24, 2016 order, the court grants Petitioner leave to file an amended petition by April 28, 2016.

### III.  CONCLUSION

Therefore, the court **DENIES** Petitioner's motion to extend the stay of execution. As such, Petitioner's habeas corpus petition is due on January 15, 2016. However, Petitioner is granted leave to amend his habeas petition in accordance with the court's June 24, 2015 order. As such, any amended petition must be filed on or before **April 28, 2016**. Respondents will have sixty (60) days thereafter to file a response. As such, Respondents' response is due on **June 27, 2016**.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 13, 2016**
**Charleston, South Carolina**

4